IGNACIA S. MORENO
Assistant Attorney General
Environment and Natural Resources Division

MARTIN F. McDERMOTT, Trial Attorney
United States Department of Justice
Environment and Natural Resources Division
Environmental Defense Section
601 D Street, N.W.
Washington, D.C.
Tel: (202) 514-4122
Email: martin.mcdermott@usdoj.gov
*Counsel for Defendants*

PAUL R. CORT
WENDY S. PARK
Earthjustice
426 17th St., 5th Floor
Oakland, CA 94612
Tel: 415-217-2000
Email: wpark@earthjustice.org
*Counsel for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SIERRA CLUB, ET AL., | No. C 11-03106-JSW |
| Plaintiffs, | **CONSENT DECREE** |
| v. | |
| JACKSON, ET AL., | |
| Defendants. | |

WHEREAS, on June 23, 2011, Plaintiffs Sierra Club and Medical Advocates for Healthy Air ("Plaintiffs") filed the Complaint in the above-captioned matter against Defendants Lisa Jackson, in her official capacity as Administrator of the United States Environmental Protection agency, and Jared Blumenfeld, in his official capacity as Regional Administrator for Region 9 of the United States Environmental Protection Agency (collectively, "EPA"), alleging that EPA has

1  failed to undertake certain nondiscretionary duties under the Clean Air Act ("CAA"), 42 U.S.C.
2  §§ 7401-7671q, and that such alleged failures are actionable under CAA section 304(a)(2), 42
3  U.S.C. § 7604(a)(2);
4  WHEREAS, CAA section 110(a)(1), 42 U.S.C. § 7410(a)(1), requires States to adopt and
5  submit to EPA for review state implementation plans ("SIPs"), which establish specific control
6  measures and other requirements that apply to particular sources of air pollution within a State
7  and are designed to attain, maintain, and enforce National Ambient Air Quality Standards
8  established by EPA that specify the maximum permissible concentrations for those pollutants in
9  the ambient air, see CAA sections 108 and 109, 42 U.S.C. §§ 7408, 7409;
10 WHEREAS, EPA is responsible for ensuring that SIPs comply with the CAA's
11 requirements, and must approve or disapprove a SIP accordingly;
12 WHEREAS, CAA section 110(k), 42 U.S.C. § 7410(k), sets forth the process by which
13 EPA is to review SIP submissions, including SIP revisions;
14 WHEREAS, Plaintiffs' Complaint alleges that CAA sections 172(c)(1) and 182(b)(2) &
15 (f), 42 U.S.C. §§ 7502(c)(1) and 7511a(b)(2) & (f), require each state with an ozone
16 nonattainment area to submit a "demonstration" that existing industrial sources of the pollutants
17 that react to form ozone – volatile organic compounds and oxides of nitrogen – are subject to
18 regulations requiring reasonably available control technology ("RACT") to reduce emissions;
19 WHEREAS, Plaintiffs' Complaint alleges that EPA has a nondiscretionary duty to act on
20 SIP submissions and revisions submitted to EPA within the time lines set forth in CAA section
21 110(k)(2), 42 U.S.C. § 7410(k)(2);
22 WHEREAS, Plaintiffs' Complaint alleges that EPA failed to take timely action under
23 CAA section 110(k)(2) on the RACT demonstration that was submitted to EPA on June 18, 2009
24 ("2009 RACT SIP") by the California Air Resources Board and the San Joaquin Valley Unified
25 Air Pollution Control District (the "District"), and that EPA found complete on December 11,
26 2009;
27 WHEREAS, Plaintiffs' Complaint further alleges that since EPA did not approve the
28 2009 RACT SIP within two years of EPA's January 21, 2009 finding that the District had failed

2

to submit a RACT demonstration for the District's 2004 1-hour ozone plan, EPA was required to promulgate a substitute federal implementation plan ("FIP") by January 21, 2011, providing for the implementation of RACT on existing sources of volatile organic compounds and oxides of nitrogen in the San Joaquin Valley;

WHEREAS, Plaintiffs' Complaint seeks an order from this Court directing EPA to (1) take action on the Valley's 2009 RACT SIP on a specific timetable, and (2) promulgate a substitute FIP providing for the implementation of RACT on existing sources of volatile organic compounds and oxides of nitrogen in the Valley on a specific timetable;

WHEREAS, the parties have agreed to a settlement of this action without admission of any issue of fact or law;

WHEREAS, the parties, by entering into this Consent Decree, do not waive or limit any claim or defense, on any grounds, related to any final EPA action;

WHEREAS, the parties consider this Consent Decree to be an adequate and equitable resolution of all of the claims in this matter;

WHEREAS, it is in the interest of the public, the parties, and judicial economy to resolve this matter without protracted litigation;

WHEREAS, the parties agree that this Court has jurisdiction over this matter pursuant to the citizen suit provision in CAA section 304(a)(2), 42 U.S.C. § 7604(a)(2), and that venue lies in the Northern District of California;

WHEREAS, the Court, by entering this Consent Decree, finds that the Consent Decree is fair, reasonable, in the public interest, and consistent with the CAA;

NOW THEREFORE, before the taking of testimony, without trial or determination of any issue of fact or law, and upon the consent of the parties, it is hereby ordered, adjudged and decreed that:

1. EPA shall sign for publication in the Federal Register:

    (a) No later than September 15, 2012, for each source category for which EPA's final action on the 2009 RACT SIP identifies a RACT deficiency, a notice or notices approving a SIP rule in full, promulgating a FIP rule, or

3

approving a SIP rule in part and promulgating a FIP as necessary to fully satisfy the RACT requirement in CAA section 182(b)(2) and (f), 42 U.S.C. § 7511a(b)(2) & (f), except as provided in subparagraph 1(b) below.

    (b) No later than April 15, 2013, for each source category described in subparagraph 1(a), above, for which EPA has not approved a SIP rule but has signed for publication in the Federal Register a proposed FIP rule by September 15, 2012, a notice or notices approving a SIP rule in full, promulgating a FIP rule, or approving a SIP rule in part and promulgating a FIP as necessary to fully satisfy the RACT requirement in CAA section 182(b)(2) and (f), 42 U.S.C. § 7511a(b)(2) & (f).

2. Following signature on each notice described in Paragraph 1, above, EPA shall deliver such notice(s) to the Office of the Federal Register for publication.

3. When EPA's obligations under Paragraphs 1 and 2 have been completed, the parties will file with the Court a joint motion to dismiss this matter with prejudice.

4. The deadlines in Paragraphs 1 and 10 may be extended by (a) written stipulation of Plaintiffs and EPA with notice to the Court, or (b) the Court upon motion of EPA or Plaintiffs and upon consideration of any response by the other party.

5. Nothing in this Consent Decree shall be construed to limit or modify the discretion accorded EPA by the CAA and by general principles of administrative law, including the discretion to alter, amend or revise any response and/or final action contemplated by this Consent Decree. EPA's obligation to take the actions set forth in Paragraph 1 by the times specified therein does not constitute a limitation or modification of EPA's discretion within the meaning of this paragraph.

6. Nothing in this Consent Decree shall be construed to confer upon the district court jurisdiction to review any decision made in the final actions identified in Paragraph 1. Nothing in this Consent Decree shall be construed to confer upon the district court jurisdiction to review

4

any issues that are within the exclusive jurisdiction of the United States Courts of Appeals pursuant to sections 307(b)(1) and 505 of the CAA, 42 U.S.C. §§ 7607(b)(1), 7661d.

7. This Court shall retain jurisdiction to enforce the terms of this Consent Decree and to consider any requests for costs of litigation, including attorneys' fees.

8. In the event of a dispute between the parties concerning the interpretation or implementation of any aspect of this Consent Decree, the disputing party shall provide the other party with a written notice outlining the nature of the dispute and requesting informal negotiations. If the parties cannot reach an agreed-upon resolution within ten (10) business days after receipt of the notice, any party may move the Court to resolve the dispute.

9. No motion or other proceeding seeking to enforce this Consent Decree shall be considered properly filed, unless Plaintiffs have followed the procedure set forth in Paragraph 8 and provided EPA with written notice of the dispute received at least ten (10) business days before the filing of such motion or proceeding.

10. EPA agrees that pursuant to CAA section 304(d), 42 U.S.C. § 7604(d), Plaintiffs are both eligible and entitled to recover their costs of litigation in this action, including reasonable attorneys' fees, incurred prior to entry of this Consent Decree. The deadline for filing a motion for costs of litigation, including reasonable attorneys' fees, is hereby extended until 90 days after the date on which the Court enters this Consent Decree. During this time the parties shall seek to resolve informally any claim for costs of litigation, including reasonable attorneys' fees.

11. The obligations imposed upon EPA under this Consent Decree may only be undertaken using appropriated funds. No provisions of this Consent Decree shall be interpreted as or constitute a commitment or requirement that EPA obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable federal law.

12. Plaintiffs and EPA shall not challenge the terms of this Consent Decree or this Court's jurisdiction to enter this Consent Decree.

13. The parties agree and acknowledge that before this Consent Decree is entered by the Court, EPA must provide notice of this Consent Decree in the Federal Register and an

1. opportunity for public comment pursuant to CAA section 113(g), 42 U.S.C. § 7413(g). After this Consent Decree has undergone notice and comment, the Administrator and/or the Attorney General, as appropriate, shall promptly consider any such written comments in determining whether to withdraw or withhold their consent to the Consent Decree, in accordance with CAA section 113(g). If the Administrator and/or the Attorney General do not elect to withdraw or withhold their consent, EPA shall promptly file a motion – which Plaintiffs agree to join – that requests the Court to enter this Consent Decree.

14. Any notices required or provided for by this Consent Decree shall be made in writing, via facsimile, e-mail or other means, and sent to the following:

**For Plaintiffs:**

Paul Cort
Wendy S. Park
Earthjustice
426 17th St., 5th Floor
Oakland, CA 94612
Tel: 415-217-2000
pcort@earthjustice.org
wpark@earthjustice.org

**For Defendants:**

Martin F. McDermott, Trial Attorney
United States Department of Justice
Environment and Natural Resources Division
Environmental Defense Section
601 D Street, N.W.
Washington, D.C. 20004
Tel: (202) 514-4122
Email: martin.mcdermott@usdoj.gov

Jan Tierney
Office of General Counsel
U.S. Environmental Protection Agency
Ariel Rios Bldg., MC 2344A
1200 Pennsylvania Ave., N.W.
Washington, DC 20460
Phone: (202) 564-5598
Fax: (202) 564-5603
Email: tierney.jan@epa.gov

Jeanhee Hong, Assistant Regional Counsel
Office of Regional Counsel
U.S. Environmental Protection Agency Region 9 (ORC-2)

75 Hawthorne Street, ORC-2
San Francisco, CA 94105
Phone: (415) 972-3921
Fax: (415) 947-3570
Email: hong.jeanhee@epa.gov

15. The undersigned representatives of each party certify that they are fully authorized by the party they represent to bind that party to the terms of this Consent Decree.

COUNSEL FOR PLAINTIFFS:

Dated: December 19, 2012

/s/ Wendy S. Park
WENDY S. PARK
Earthjustice
426 17th St., 5th Floor
Oakland, CA 94612
415-217-2000
wpark@earthjustice.org

COUNSEL FOR DEFENDANTS:

IGNACIA S. MORENO
Assistant Attorney General
Environment and Natural Resources Division

Dated: January 4, 2012

/s/ Martin F. McDermott
MARTIN F. McDERMOTT
Trial Attorney
United States Department of Justice
Environment and Natural Resources Division
Environmental Defense Section
601 D Street, N.W.
Washington, D.C. 20004
Phone: (202) 514-4122
Email: martin.mcdermott@usdoj.gov

**IT IS SO ORDERED.**

Dated: March 26, 2012

UNITED STATES DISTRICT JUDGE